[Cite as *State v. Bennett*, 2026-Ohio-2735.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
TUSCARAWAS COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | Case No. 2025 AP 11 0037 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Tuscarawas County Court of Common Pleas, Case No. 2025 CR 05 0164 |
| WILLIAM R. BENNETT, IV | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: July 16, 2026 |

**BEFORE:** William B. Hoffman; Craig R. Baldwin; David M. Gormley, Judges

**APPEARANCES:** Kristine W. Beard, Tuscarawas County Prosecutors Office, Assistant Prosecuting Attorney, for Plaintiff-Appellee; Dan Guinn, Guinn Law Firm, LLC, for Defendant-Appellant.

*Hoffman, P.J.*

{¶1}   Defendant-Appellant William R. Bennett, IV, appeals the October 22, 2025 judgment entered by the Tuscarawas County Common Pleas Court following a plea of guilty to two counts of intimidation, two counts of telecommunications harassment, one count of ethnic intimidation and one count of aggravated menacing and sentencing him to a term of incarceration of eighteen months. Appellee is the State of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2} On May 16, 2025, the Tuscarawas County Grand Jury indicted Appellant William Bennett, IV, on two counts of Intimidation (Counts 1 and 5), in violation of R.C. §2921.03(A), both third-degree felonies, two counts of Telecommunications Harassment (Counts 2 and 6), in violation of R.C. §2917.21(A), fifth degree felonies, one count of Ethnic Intimidation (Count 3), in violation of R.C. §2927.12(A), a fifth-degree felony, and one count of Aggravated Menacing (Count 4), in violation of R.C. §2903.21(A), a first-degree misdemeanor.

{¶3} The charges arose from the following events:

{¶4} On May 1, 2025, and May 2, 2025, Appellant placed numerous telephone calls to the New Philadelphia Police Department complaining about his upstairs neighbor, D.H. During one of the calls he made to the department that night, Appellant told Sergeant Mitchell Gobely, "when he catches him out with his family, he is going to box his wife." (Sent. T. at 15). Then at 11:35 p.m., he called Dispatcher Rachel Kinsey and warned her to have a Captain call him, telling her "you got to call me within five or ten minutes or he would have his people move in and take the upstairs neighbor guy out." Id. He also used the word "nigger" when referring to his neighbor D.H. Id. Appellant also warned Dispatcher Kinsey he belonged to the Salvadoran MF Thirteen gang and his neighbor would be taken out if something was not done. (Sent. T. at 15-16). At 11:51 p.m. Appellant called back and told Dispatcher Kinsey "if she thinks this is a play toy then she was going to have her life on the line." (Sent. T. at 16). When she asked him what he meant, he became irate, began calling her names, and told her "I'm going to show you what the fuck is going to happen." Id. He

also mentioned dead bodies that would come up missing and not asking him any questions about it. Id.

{¶5} In another call that evening, Appellant threatened Dispatcher Kinsey and Officer Wayne Clark. During that call, Appellant threatened to "dog the shit out of you in front of your family and if I ever catch you out, I promise you that. I will catch you out somewhere and I'm a dog – and I'm going to dog the shit out of you dude. I already know where you live" and then he talked about having someone go there with guns. (Sent. T. at 16). He also stated "I have guns. I'm not a convicted felon." Id.

{¶6} On May 22, 2025, Appellant entered a plea of not guilty at the arraignment.

{¶7} On September 8, 2025, Appellant changed his plea to guilty to the counts as contained in the indictment. Sentencing was continued to allow for a pre-sentence investigation report.

{¶8} On October 21, 2025, at the sentencing hearing, the State communicated to the court the New Philadelphia Police Department knows Appellant "very well, that [Appellant] was a frequent caller" and he routinely contacts the department "demanding that they take some kind of action and when they didn't, he would just become increasingly angry" sometimes calling "thirty times a day into the wee hours of the morning." (Sent. T. at 3). The State further indicated Appellant would frequently "threaten the officers and dispatchers." Id.

{¶9} By Judgment Entry of Conviction and Sentence, filed October 22, 2025, the trial court merged Counts 1 and 2 and imposed an 18-month definite prison sentence. The court also merged Counts 3 and 4 and imposed a twelve-month definite prison term, and merged Counts 5 and 6 and imposed an eighteen-month definite prison term. The court

ordered the eighteen- and twelve-month sentences be served concurrently to each other for an aggregate prison term of eighteen months.

{¶10}   At the sentencing hearing, the trial court stated it considered the need to protect the public from future crimes, to punish the defendant and to promote Appellant's effective rehabilitation while using the minimum prison sanctions to accomplish those purposes without imposing an unnecessary burden on the State or local governments. The trial court further stated the imposed sentence is commensurate with and not demeaning to, the seriousness of Appellant's conduct and its impact on the victims.   The trial court also considered the PSI report and found Appellant is more likely to commit new offenses based upon the Appellant's prior adult criminal record, failure to respond to past sanctions imposed for criminal convictions, lack of remorse and his ORAS score of 35.

{¶11}   Appellant appeals the October 22, 2025, entry, assigning the following error for review:


I. THE TRIAL COURT ERRED WHEN IT IMPOSED A PRISON SENTENCE AS OPPOSED TO COMMUNITY CONTROL UPON THE APPELLANT.


I.

{¶12}   R.C. §2953.08(G)(2) provides:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶13} R.C. §2929.13(D)(2) sets forth the findings the trial court must make to find the presumption of prison has been overcome:

(2) Notwithstanding the presumption established under division (D)(1) of this section for the offenses listed in that division other than a violation of division (A)(4) or (B) of section 2907.05 of the Revised Code, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a

felony of the first or second degree or for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable if it makes both of the following findings:

(a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.

(b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.

{¶14} R.C. §2929.13(D)(2) requires the trial court to make specific findings if it finds the presumption of prison has been overcome and sentences the defendant to community control. Pursuant to R.C. §2953.08(G)(2)(a), those findings are reviewable by this Court to determine if they are supported by the record. However, in the instant case, the trial court found the presumption of prison had not been overcome. The trial court was not required to

make any specific findings to impose a sentence in accordance with the presumption of prison. Because the trial court was not required to make any findings in this case to support its judgment finding the presumption of prison was not overcome, this Court does not review any reasons the trial court set forth for finding the presumption was not overcome to determine if the reasons are supported by the record. Rather, we review the sentence under the standard of review generally applicable to felony sentencing pursuant to R.C. §2953.08(G)(2)(b), whether the sentence is clearly and convincingly contrary to law.

{¶15} Nothing in R.C. §2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. §2929.11 and R.C. §2929.12. *State v. Jones*, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. §2929.11, as well as the factors listed in R.C. §2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 2021-Ohio-1512, ¶ 16 (5th Dist.).

{¶16} In the instant case, the trial court found a prison term is consistent with the purposes of felony sentencing in R.C. §2929.11, as well as the seriousness and recidivism factors in R.C. §2929.12. At the sentencing hearing, the trial court stated it had considered the purposes and the principles of sentencing, and explained Appellant's conduct in "calling up law enforcement officers, threatening them, threatening their families in the course of doing their jobs, is text book form of Intimidation." (Sent. T. at 13). The court stated it did not find law enforcement facilitated or provoked the offenses. (Sent. T. at 14). The court stated it found no grounds for mitigation. Id. The court also considered Appellant's prior criminal

history, which included over sixty convictions, many of which were for telephone harassment. Id. In addressing Appellant, the court stated "clearly that mental health issues have been a struggle for you but at some point in time, enough's enough." (Sent. T. at 15). In explaining its decision to impose a prison sentence, the trial court informed Appellant "I simply do not believe that you would be compliant with any terms that I would put as far as community control. … and I think most importantly, the conduct warrants it and that's the order of the Court." (Sent. T. at 17-18).

{¶17} Based on the foregoing, we find the sentence is not clearly and convincingly contrary to law.

{¶18} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.

{¶19} Costs to Appellant.


By: Hoffman, P.J.

Baldwin, J. and

Gormley, J. concur.